UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH MASSINGALE, | No. 2:16-cv-2967-KJN |
| Plaintiff, | |
| v. | ORDER |
| SELECT PORTFOLIO SERVICING, INC., et al., | |
| Defendants. | |

On June 8, 2017, after entering into a settlement agreement with defendants, plaintiff filed a notice of voluntary dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), with each side to bear its own fees and costs. (ECF No. 23.) The court confirmed the voluntary dismissal in a minute order dated June 12, 2017. (ECF No. 24.)

Thereafter, on July 3, 2017, defendants filed an ex parte application to expunge a lis pendens with respect to the property at issue in the closed action and for an award of attorneys' fees and costs. (ECF No. 25.) According to defendants, as part of the parties' settlement agreement, plaintiff agreed to execute and file a withdrawal of the lis pendens by May 29, 2017, but has not yet done so to date. Defendants further contend that they have expended $1,000.00 of attorneys' fees and costs in informally attempting to have plaintiff file the withdrawal of the lis pendens and in bringing this ex parte application.

1

Assuming for the moment that the facts are as represented by defendants, the court is sympathetic to defendants' request for an order directing plaintiff to comply with the terms of the parties' settlement agreement. However, once a notice of voluntary dismissal has been filed, "the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them." U.S. v. Real Property Located at 475 Martin Lane, Beverly Hills, California, 545 F.3d 1134, 1145 (9th Cir. 2008). Thus, it appears that the court lacks jurisdiction to issue a further order with respect to the lis pendens.

Nevertheless, the court also assumes that plaintiff's counsel, as an officer of the court, is acting in good faith, and does not intend to take a manifestly unfair position that would require defendants to file a new action to enforce the settlement agreement, potentially exposing her and/or her client to significant attorneys' fees and costs. Accordingly, IT IS HEREBY ORDERED that:

1. Within 21 days of this order, the parties shall further meet and confer, and if agreeable, shall file a stipulation allowing for a brief re-opening of this case to allow the court to rule on the pending ex parte application. If the parties are unable to so agree, they shall nonetheless inform the court of their positions in a jointly filed statement within 21 days of this order.
2. Alternatively, plaintiff may file a properly executed withdrawal of the lis pendens, with the parties promptly notifying the court of such a withdrawal once effectuated.

IT IS SO ORDERED.

Dated: July 6, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE